**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 14-cr-00251-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TROY THORSON,

      Defendant.

---

**ORDER DENYING GOVERNMENT'S MOTION FOR RECONSIDERATION BUT
PROVIDING CLARIFICATION ON PRIOR ORDER AND
ORDER DISMISSING INDICTMENT**

---

On June 9, 2014, the Government filed a criminal complaint and arrest warrant

for Thorson for violation of Title 21, United States Code § 841(a)(1), Possession with

Intent to Distribute and Distribution of a Controlled Substance.  (Docs. ## 1; 2.)  On

June 17, 2014, Thorson was charged by indictment.[1]  (Doc. # 12.)  On September 15,

2014, Thorson filed Motion to Suppress Evidence (Doc. # 25) and Motion to Suppress

Statements (Doc. # 26).  On October 3, 2014, the Government filed a response to each

motion.  (Docs. ## 41; 42.)  On December 18, 2014 and January 6, 2015, the Court held

a motions hearing.  (Docs. ## 63; 66.)  The Court ordered simultaneous briefing on the

findings of fact and conclusions of law based on the actual testimony from the hearing.

(Doc. # 66.)  Specifically, the Court ordered additional briefing on the following issues:

---

[1] The facts of this case are set forth in detail in the Court's June 12, 2015 Order.  (Doc. # 83.)

whether the officers had a sufficient basis to search the vehicle; the voluntariness of

Mandi Garrett's consent; if consent was not valid, whether the search was legal based

on the search incident to impoundment; and marital privilege. (*Id.*) On March 9, 2015,

each party filed a brief regarding the issues requested by the Court. (Docs. ## 76; 77.)

On June 12, 2015, the Court issued an order granting Thorson's Motion to Suppress

Evidence. (Doc. # 83.) The Court also granted Thorson's Motion to Suppress

Statements to the extent that he sought to suppress his statement that he was coming

from Shawn Beardley's house, non-spontaneous statements about the gray bag, and

statements made after his arrest. (*Id.*) The Court denied his motion in all other

respects. (*Id.*) On July 13, 2015, the Government filed a Motion for Reconsideration.

(Doc. # 85.) Thorson did not file a response.

The Government requests that the Court reconsider factual findings and make

some language changes to its June 12, 2015 Order relating to its findings as to

credibility of the witnesses.

Although the Federal Rules of Criminal Procedure do not recognize motions to

reconsider, this Court has utilized the standard for evaluating a motion to reconsider in

the civil context. *See United States v. Smith*, No. 10-CR-00612, 2012 WL 3590824, at

*1 (D. Colo. Aug. 20, 2012). The three major grounds that justify reconsideration are

(1) an intervening change in controlling law; (2) the availability of new evidence; and

(3) the need to correct clear error or prevent manifest injustice. *See Servants of the

Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is

appropriate where the court has misapprehended the facts, a party's position, or the

controlling law. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

In this case, the Government does not seek to alter the relief awarded to Thorson. Instead, it requests that the Court reconsider certain factual findings because: (1) the findings will affect future cases and may damage the careers of Officers Edwards and McCants; (2) the findings do not reflect the most likely explanation for the officers' testimony; and (3) the findings are unnecessary to the Court's analysis. Because the Government provided no newly promulgated authority, no new evidence, and no clear error or manifest injustice that warrants reconsideration of the June 12, 2015 Order, the Court denies the Government's motion.

However, the Court clarifies that, in its June 12, 2015 Order, it did not—in any way—intend to imply that Officers Edwards or McCants gave false testimony under oath. If that had been the case, the Court would have so stated and would have taken further action. Police officers handle hundreds of incidents each month and it is understandable that they may have incomplete recollection of the events that occurred during one particular incident that took place months earlier. When the Court stated that the officers were evasive or not credible, it was meant to be by way of comparison to the testimony of Ms. Garrett, who was quite traumatized by the police stop and search, and whose testimony indicated that she clearly recalled what happened during the entire incident. Thus, the Court found Thorson's evidence more persuasive than that of the Government with respect to the stop and search that was at issue in the motion hearing.

3

For the reasons provided above, the Court ORDERS that the Government's

Motion for Reconsideration (Doc. # 85) is DENIED.  It is

FURTHER ORDERED that, pursuant to the Government's request, the

indictment against Thorson is DISMISSED.  (Doc. # 90.)

DATED: August 12, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge